UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY SCHLENKER,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C20-5122 BHS<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss, Dkt. 12, and Plaintiff Jeremy Schlenker's ("Schlenker") motion for summary judgment, Dkt. 10.[1] The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Government's motion and denies Schlenker's motion for the reasons stated herein.

---

[1] Schlenker also brought a motion to expedite, seeking a decision on the motions in advance of his asserted June 24, 2020 deadline to bring a motion under 28 U.S.C. § 2255. Dkt. 14. That motion is denied as moot. Schlenker also filed a motion to file a surreply, Dkt. 23; however, he has withdrawn the motion. Dkt. 26. The Court has not considered the proffered surreply.

ORDER - 1

# I. BACKGROUND

## A. Background and Procedural History

This matter is closely related to Schlenker's criminal case, CR15-5197 BHS ("Criminal Matter"). Schlenker wishes to bring a motion collaterally attacking his sentence under 28 U.S.C. § 2255, based upon a United States Supreme Court case decided after he was sentenced that invalidated the "residual clause" of 18 U.S.C. § 924(c). *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). However, Schlenker is concerned that the waiver clause in his plea agreement could empower the Government to assert additional charges against him if he brings a collateral attack on his sentence; Schlenker therefore seeks a declaratory judgment that his contemplated filing of a § 2255 motion would not violate his plea agreement. Dkt. 1.

The Court entered an order accepting Schlenker's guilty plea in the Criminal Matter on April 22, 2016. Criminal Matter, Dkt. 41. Schlenker pled guilty to two counts: (1) second degree murder, and (2) possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(i)-(iii). *Id.*, Dkt. 38. The Court sentenced Schlenker to 16 years for Count 1 and applied § 924(c)'s mandatory consecutive sentence of 10 years for Count 2, for a total custodial sentence of 26 years. *Id.*, Dkt. 56. Schlenker now wishes to collaterally attack the 10-year sentence he received for the § 924(c) violation on the ground that *Davis* renders his sentence and conviction on Count 2 invalid. Dkt. 11-8.

Schlenker's plea agreement "waives to the full extent of the law . . . [a]ny right to bring a collateral attack against the conviction and sentence . . . except as it may relate to

the effectiveness of legal representation." Criminal Matter, Dkt. 38 at 10.[2] The waiver provision further provides that "[i]f Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement." *Id*.

Schlenker's counsel contacted the Government on December 19, 2019, informing it of Schlenker's intent to file a § 2255 motion and asking whether it would consider the filing to be a breach of the plea agreement. Criminal Matter, Dkt. 63-1. The Government responded on January 14, 2020, stating that it "will consider [a § 2255] action to be a breach of the parties' plea agreement." Dkt. 11-1.

Schlenker has both brought a motion in the Criminal Matter to "clarify" the plea agreement (Criminal Matter, Dkt. 61) and filed a civil complaint in this matter seeking a declaratory judgment that his contemplated collateral attack would not constitute a breach of his plea agreement. Dkt. 1. The Government moved to dismiss. Dkt. 12. Schlenker opposed the motion, Dkt. 20, and the Government replied, Dkt. 22. Schlenker filed a motion for summary judgment seeking the declaration requested in his complaint. Dkt. 10. The Government responded, Dkt. 19, and Schlenker replied, Dkt. 21. Both motions are ripe for consideration.

---

[2] Schlenker's contemplated § 2255 petition would not be based upon a claim of ineffective assistance of counsel; it would be premised upon the ruling in *Davis*. Dkt. 11-8 (proposed petition).

## B. Summary of the Parties' Arguments

Schlenker contends that the waiver is invalid or inapplicable for five reasons: (1) it is not in effect because, as a result of *Davis*, Schlenker's sentence exceeded applicable sentencing guidelines; (2) the colloquy during Schlenker's plea hearing did not adequately inform Schlenker of the collateral attack waiver; (3) the sentence was rendered unlawful by *Davis* and therefore the waiver is void; (4) Schlenker is actually innocent of the § 924(c) count as a result of the holding in *Davis*; and (5) bringing a collateral attack would not constitute breach because the waiver clause lacks a covenant not to bring a § 2225 action. Dkt. 10 at 1; Dkt. 1 at ¶¶ 22(a)-(f).

Other than a footnote addressing grounds (2) and (5) in its response to Schlenker's summary judgment motion, the Government did not respond to Schlenker's arguments on the merits. Dkt. 19 at 2, n.1. Instead, it contends that (1) Schlenker has failed to identify any waiver of its sovereign immunity and (2) the Court is without subject matter jurisdiction to consider Schlenker's complaint. Dkts. 12, 19. With respect to jurisdiction, the Government first contends that Schlenker seeks a mere advisory opinion and there is therefore no case or controversy; second, it contends that Schlenker's complaint impermissibly attempts to substitute a civil declaratory judgment action for a § 2255 motion. *Id*.

Schlenker responds that the Administrative Procedures Act, 5 U.S.C. § 702 ("APA") waives sovereign immunity. Dkt. 20 at 2. He argues that jurisdiction exists because declaratory relief may be sought in a court where "the one against whom [declaratory relief is sought] could have asserted his own rights" and therefore exists

pursuant to 28 U.S.C. § 1331.  Dkt. 20 at 1 n.1 (quoting *Standard Ins. Co. v. Saklad*, 127 F.3d 1179 (9th Cir. 1997)).  Schlenker further contends that this case presents precisely the dilemma that the declaratory judgment remedy was meant to address and thus does not seek a mere advisory opinion.  Dkt 20 at 6-7, citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).  Finally, Schlenker contends that this action is a mere "precursor" to his contemplated habeas proceeding, not a substitute for it.  *Id*.

The Court agrees with the Government that Schlenker's complaint should be dismissed.  The Court lacks subject matter jurisdiction because there is no case or controversy.

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12.  Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).  Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it.  *Id*.

Under the Declaratory Judgment Act, courts of the United States "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution.  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998).  It

must fulfill statutory jurisdictional prerequisites. *Id.* If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. *Id.* A district court has the "unique and substantial discretion to decide whether to issue a declaratory judgment," *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), but is "under no compulsion to exercise that jurisdiction," *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942).

**A.     Case or Controversy**

A case or controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941). What makes a declaratory judgment "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987).

The Government contends that Schlenker is seeking an advisory opinion, arguing that Schlenker's rights would be implicated if and only if he actually files a § 2255 petition and the Government seeks to find him in breach of the plea agreement. Dkt. 12 at 2. Schlenker argues that his desire to bring a § 2255 petition, the Government's position that bringing such a petition would be a breach, combined with the "significant consequences" if the Government is right, demonstrates an actual conflict. Dkt. 20 at 7.

1  The Court agrees with the Government. Here, the Government has simply
2  responded to a request for its position by stating that it "would consider" a future filing of
3  a § 2255 petition to be a breach of the plea agreement. Dkt. 11-1. Notably, the
4  Government did not threaten any action, and in particular did not state that it would
5  proceed to file additional charges. In contrast, *MedImmune*, upon which Schlenker relies,
6  involved a "clear threat" of adverse action. 549 U.S. at 122.

7  Furthermore, it remains wholly speculative whether Schlenker would incur any
8  harm. Schlenker has not identified what, if any, additional charges could be brought, or
9  how they would affect his sentence if he were to be convicted. In addition, the outcome
10 of Schlenker's as-yet unfiled § 2255 petition is unknown, as is any response by the
11 Government if Schlenker were to prevail. Indeed, the legal landscape governing the
12 proposed petition is also uncertain. While *Davis* has invalidated the residual clause of 18
13 U.S.C. § 924(c)(3), the scope of the elements clause is currently the subject of a pending,
14 but abeyed, rehearing *en banc*. *United States v. Begay*, No. 14-10080, 2019 WL 7900329
15 (December 5, 2019) ("*Begay*"). As Schlenker's proposed petition indicates, the future
16 disposition of the panel decision in *Begay* is relevant to whether—if a § 2255 petition is
17 filed and is successful—any error would be harmless. Dkt. 11-8.

18 These multiple contingencies render Shlenker's claim non-justiciable. The Ninth
19 Circuit reached the same conclusion in an unreported disposition[3] where, like Schlenker,

---

[3] Although unpublished decisions of the Ninth Circuit are not binding on this Court, they have persuasive value and indicate how the Ninth Circuit applies binding authority.

the plaintiff sought a declaration that filing a § 2255 petition would not breach his plea agreement:

> The issue of whether Mulholland breaches his plea agreement by filing a section 2255 motion is more appropriately considered in that proceeding. . . . Moreover, Mullholland's request for a declaration prohibiting future prosecution is unripe for adjudication because "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted). Accordingly, we reverse the district court's judgment and remand with instructions to dismiss the action for lack of jurisdiction.

*Mulholland v. Snohomish Cty.*, 68 Fed. App'x 75 (9th Cir. 2003) ("*Mulholland*"). [4]

Schlenker's claim, like Mulholland's, is not ripe for adjudication.

**B.  Schlenker's Motion for Summary Judgment**

In light of the Court's grant of the Government's motion to dismiss, Schlenker's motion for summary judgment, Dkt. 14, is **denied as moot.**

### III.  ORDER

Therefore, it is hereby **ORDERED** as follows:

1. The Government's motion to dismiss, Dkt. 12, is **GRANTED** and this matter is **DISMISSED**;

---

[4] Schlenker's motion in the Criminal Matter cited a district court opinion from the Northern District of New York, *Cady v. United States*, 970 F. Supp. 97 (N.D.N.Y. 1997), in which, as in this case and *Mulholland*, a criminal defendant sought declaratory judgment that filing a § 2255 petition would not violate his plea agreement. The court determined it had jurisdiction and found that the future filing of a petition would not constitute a breach. *Id*. at 100. In light of *Mulholland*, the Court does not find *Cady* persuasive. However, the subsequent history in *Cady* is instructive: after Cady filed his § 2255 petition, the court found that the filing did breach the plea agreement. *Cady v. United States,* No. 98–CV–33 1998 WL 743719 at *5 (N.D.N.Y. October 15, 1998). Thus, the original ruling was ultimately proved not only to have been an advisory opinion, but to have been incorrect.

ORDER - 8

2. Schlenker's motion for summary judgment, Dkt. 14, is **DENIED**; and

3. The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 18th day of June, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge